# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**AUG 16 2021**

FETALE A. ALI

_____, Plaintiff

JEFFREY P. COLWELL
CLERK

_____

v.

SAM'S WEST INC. DBA SAM'S CLUB

_____,

LUIS HERNANDEZ

_____,

BRIAN PENA GUEVARA

_____,

MISTY PULLIAM

_____,

DAVID RICHARDS

_____,

AMY GEBHARDT

_____,

ROBBIE FRANCIS

_____,

MARY HARVEY

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

### FETALE ALI   17220 E. BALTIC PLACE AURORA, CO 80012

(Name and complete mailing address)

720-410-4773                          talliehandy@gmail.com

(Telephone number and e-mail address)

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:   SAM'S WEST INC. DBA SAM'S CLUB, 2101 SE Simple Savings Dr,
Bentonville, AR. 72712; 888-746-7726

(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 2:   LUIS HERNANDEZ, 880 S. Abilene St., Aurora, CO. 80012

(Name and complete mailing address)

303-695-1812

(Telephone number and e-mail address if known)

2

Defendant 3:     BRIAN PENA GUEVARA, 880 S. Abilene St., Aurora, CO. 80012
                     (Name and complete mailing address)

                     303-695-1812
                     (Telephone number and e-mail address if known)


Defendant 4:     MISTY PULLIAM, 880 S. Abilene St., Aurora, CO. 80012
                     (Name and complete mailing address)

                     303-695-1812
                     (Telephone number and email address if known)


Defendant 5:  DAVID RICHARDS, 2101 SE Simple Savings Dr, Bentonville, AR. 72712;
                     (Name and complete mailing address)

                     888-746-7726
                     (Telephone number and email address if known)


Defendant 6:    AMY GEBHARDT, 2101 SE Simple Savings Dr, Bentonville, AR. 72712;
                     (Name and complete mailing address)

                     888-746-7726
                     (Telephone number and email address if known)


Defendant 7:  ROBBIE FRANCIS, 2101 SE Simple Savings Dr, Bentonville, AR. 72712;
                     (Name and complete mailing address)

                     888-746-7726
                     (Telephone number and email address if known)


Defendant 8:  MARY HARVEY, 2101 SE Simple Savings Dr, Bentonville, AR. 72712;
                     (Name and complete mailing address)

                     888-746-7726
                     (Telephone number and email address if known)

## C.   JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check all that apply)*

__X__   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (employment discrimination on the basis of race, color, religion, sex, or national origin)

____   Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment discrimination on the basis of a disability)

____   Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. (employment discrimination on the basis of age)

__X__   Other: (*please specify*) __42 U.S.C. § 1981_____

## D.   STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action and the specific facts that support each claim.  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

The conduct complained of in this claim involves the following: (*check all that apply*)

____ failure to hire             __X__ different terms and conditions of employment

____ failure to promote          ____ failure to accommodate disability

__X__ termination of employment   __X__ retaliation

____ other: (*please specify*) _____

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

__X__ race        ____ religion      ____ national origin      ____ age

__X__ color       __X__ sex          ____ disability

4

**I. CLAIM ONE: RACE BASED DISCRIMINATION (DISPARATE IMPACT AND TREATMENT) in VIOLATION OF TITLE VII of the CIVIL RIGHTS ACT of 1964, as amended, 42 U.S.C.§ 2000e-2(a) & 42 U.S.C. § 2000e-2(m);**

**Supporting facts:**

1. Plaintiff hereby incorporates by reference all paragraphs of this complaint as if fully set forth herein.

2. Defendants were acting under Sam's Club policies and regulations at all relevant times to this action.

3. This Claim One is being leveled against Defendants Sam's West Inc. dba Sam's Club (herein "Sam's Club"), Luis Hernandez, Brian Pena Guevara, Pulliam, Richard's, Gebhardt, Francis, and Harvey, as supervisory employees of Sam's Club, for intentionally firing Plaintiff based on their hiring practices and policies, that has a "disparate impact" on blacks and women, which ultimately subjected Plaintiff to "disparate treatment."

## A. EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). See Charge OF discrimination, attached as Exhibit 1.

5. On May 28, 2021, the EEOC issued Plaintiff a Notice of Right to Sue Letter. Exhibit 2.

6. Plaintiff timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.

## B. FACTUAL ALLEGATIONS

7. Mrs. Fetale Ali (herein "Plaintiff") is a young African-American women, which makes her a member of a protected class.

5

8. Sometime in early July 2019, Plaintiff applied for a job with Sam's Club.

9. On July 11, 2019, Sam's Club informed Plaintiff, that she was being hired for the job she applied for.

10. On July 11, 2019, Sam's Club Fresh Associate Manager, Defendant Hernandez, informed Plaintiff via "Offer Letter," that she would be paid $16.00 per hour.

11. On July 30, 2019, Plaintiff began her employment, as a Fresh Associate, at Sam's Club, located at 880 S Abilene St, Aurora, CO 80012.

12. On August 19, 2019, Plaintiff noticed, that her pay didn't reflect the $16.00 per hour, that she was offered and promised.

13. Plaintiff's check showed that she was being paid $14.00 per hour.

14. Plaintiff was the only African-American employee working in the "Fresh" department, at the time of her employment with Sam's Club.

15. Plaintiff's pay was unequal to her male, and White and Mexican counterparts, that worked in the same department, although the job and content of the job were substantially equal.

16. Plaintiff was hired by Sam's Club, as a "Fresh Associate," and assigned to work in the cafeteria.

17. Plaintiff, was overly qualified for the position she was hired for at Sam's Club, working as a Fresh Associate, in the cafeteria.

18. Plaintiff had six (6) years of experience in the hospitality industry prior to her employment at Sam's Club.

19. Based on Plaintiff's experience in the hospitality industry, $14.00 was several dollars below what she should be earning.

20. Plaintiff's male, and White and Mexican counterparts, were making $17.00 per hour, several

dollars more than she made, although they were similarly situated or less experienced.

21. Plaintiff's pay was not equal to her male, and White and Mexican counterparts, that worked in the cafeteria.

22. On August 20, 2019, Plaintiff began verbally complaining to Defendants Hernandez and Guevara, her fresh associate supervisors, regarding their failure to pay her what they promised and pay equal to her counterparts.

23. Plaintiff was told by Defendants Hernandez and Guevara, that the issue would be corrected within a couple days.

24. On August 23, 2019, after Plaintiff had learned, that her pay hadn't been corrected as promised, she again complained to Defendants Hernandez and Guevara, and was told not to worry about it and to do her job.

25. On August 27, 2019, Plaintiff filed a complaint with the corporation, via Sam's "open door" complaint policy, against Defendants Hernandez and Guevara, for refusing to make her pay equal to her counterparts, and wages she had been promised prior to being hired.

26. On August 28, 2019, immediately after filing her complaints, Defendants Hernandez and Guevara, stopped giving Plaintiff breaks, although Colorado law require employers to give employees breaks, after the first 5 hours of work.

27. For several months, after Plaintiff filed her complaint, Defendants Hernandez and Guevara, refused to allow her to take her statutorily required breaks.

28. They would override the time computation database with their supervisor codes and make Plaintiff work without taking breaks.

29. There's times Plaintiff would work entire shifts, and not be allowed to take her breaks.

30. Defendants Hernandez and Guevara also began forcing Plaintiff to work in the cafe alone.

31. According to Sam's Club policy, the cafe is supposed to be operated by at least three (3) employees.

32. Defendants Hernandez and Guevara forced Plaintiff to work a three (3) man operation by herself.

33. During the weekends, the busiest time of the week, Defendants Hernandez, and Guevara, would force Plaintiff to work the cafeteria by herself.

34. Plaintiff began complaining about the treatment, that continued for 3 months, to no avail.

35. The treatment got so bad, Plaintiff had to take off days of work, due to the deprivation of her breaks, and being forced to work a three (3) man operation by herself.

36. Defendants Hernandez and Guevara purposely created a hostile work environment, based on Plaintiff's sex and race, and began depriving her of breaks and forcing her to work a three (3) man operation by herself, in retaliation for her filing grievances and complaints against them.

37. Sam's Club owed Plaintiff thousands of dollars in back pay, related to the equal pay issue, and their failure to pay her the money she was promised.

38. On October 18, 2019, Plaintiff continued to complain to Defendants Hernandez and Guevara, by filing another complaint, regarding the pay issue, and not being paid the money she was promised when she got hired.

39. Between September 4, 2019 and January 21, 2020, Plaintiff SUBMITTED complaints via emails, that were exchanged between herself, Defendants Hernandez, Guevara, Misty Pulliam, David Richard's, Amy Gebhardt, Robbie Francis, and Mary Harvey, regarding Defendants Hernandez and Guevara's failure to pay her the wages agreed to in the contract; reimbursement of the wages she was owed; the equal pay issue; and the adverse treatment she was subjected to by Defendants Hernandez and Guevara, related to her complaints, to no avail.

40. On January 21, 2020, Plaintiff became very ill, and had to go to the hospital, were they determined she had some type of viral illness.

41. Plaintiff had to take off work due to her illness with the virus, which was recommended by the doctor, due to the contagiousness of the illness.

42. According to the doctor, the viral illness may cause several symptoms such as fever.

43. Other symptoms depend on the part of the body that the virus affects.

44. If it settles in your nose, throat, and lungs, it may cause cough, sore throat, congestion, runny nose, headache, earache and other ear symptoms, or shortness of breath.

45. If the viral illness settles in your stomach and intestinal tract, it may cause nausea, vomiting, cramping, and diarrhea.

46. Sometimes it causes generalized symptoms like "aching all over," feeling tired, loss of energy, or loss of appetite.

47. A viral illness usually lasts anywhere from several days to several weeks, but sometimes it lasts longer.

48. Plaintiff had a horrible cough, sore throat, congestion, runny nose, headaches, and shortness of breath, related to the viral illness.

49. Plaintiff was so sick, that she couldn't get out of bed.

50. The viral illness Plaintiff fell sick with, lasted approximately four weeks.

51. During the time Plaintiff was sick with the viral illness, Defendants Hernandez and Guevara, continuously pressured her to come back to work, regardless of her health and illness.

52. Upon information and belief, Plaintiff became sick from COVID-19, however. at the time she went to the hospital, doctors weren't aware or testing patients for COVID-19.

53. The Colorado Department of Public Health and Environment says, "it wasn't until Feb. 27

that the state could test people for COVID-19."

54. On February 3, 2020, Plaintiff returned to work, under duress and threats of being fired by Defendants Hernandez and Guevara.

55. Plaintiff was still very sick when she returned to work, and knew the viral illness was highly contagious, but returned under duress of being fired by Defendants Hernandez and Guevara.

56. Although Plaintiff was still very sick with a contagious ailment, Defendants Hernandez and Guevara, forced her to work in the cafeteria, to handle the public's food.

57. Plaintiff presented Defendants Hernandez and Guevara with a doctor's note verifying that she was in fact sick.

58. Although Plaintiff's absence was excused, pursuant to Sam's Club policy related to sick leave, Defendants Hernandez and Guevara, failed to excuse all the days she was absent, because of her sex and race, and in retaliation for her engaging in constitutionally protected activity.

59. On February 4, 2020, Plaintiff complained about Defendants Hernandez and Guevara, forcing her back to work while she was very ill.

60. Plaintiff also revived her complaints related to Defendants Hernandez and Guevara's failure to pay her the rates agreed to in the contract; reimbursement of the wages Sam's owed her; and the equal pay issue.

61. On February 6, 2020, Plaintiff received a back paycheck, for $3,300, for 220hrs. of the lost wages, that complained about for six months.

62. On February 10, 2020, six (6) days after Plaintiff complained of Defendants Hernandez and Guevara forcing her back to work while she was ill with a contagious ailment; their failure to pay her the rates agreed to in the contract; reimbursement of the wages Sam's owed her; and the equal pay issue; and four (4) days after Mrs. Ali received the check for back pay, she was fired

by Defendants Hernandez and Guevara, in retaliation for engaging in constitutionally protected activity.

63. Defendant Guevara told Plaintiff, that she was being fired, because she surpassed Sam's Club's termination threshold of five (5) attendance occurrences, with a total of nine (9) unexcused absences.

64. Defendants Hernandez and Guevara's reasons for firing Plaintiff was pretext, and to cover-up the fact that she was fired based on her sex and race, and in retaliation for filing grievances and complaints.

65. In fact, six (6) of the absences that Defendants Hernandez and Guevara claim were unexcused absences, were not absences at all or excused absences.

66. During her employment at Sam's Club, Plaintiff had accumulated approximately three (3) unexcused absences at most, which doesn't exceed Sam's Club termination threshold of five (5) attendance occurrences.

67. Furthermore, several of the absences that Defendants Hernandez and Guevara counted as unexcused absences, were related to her medical leave of absence for the viral illness, that were excused by them.

68. The three (3) unexcused absences accrued by Plaintiff, although the absences didn't exceed Sam's Club termination threshold of five (5) attendance occurrences, occurred under duress, related to Defendants Hernandez and Guevara forcing her to operate the cafeteria by herself, which requires three (3) people to operate.

69. As mentioned above, Plaintiff was the only black employee, that worked in the cafeteria during her employment at Sam's Club.

70. During her time at Sam's Club, her male, and White and Mexican counterparts, constantly

11

missed days of work, far exceeding Sam's Club termination threshold of five (5) attendance occurrences, however, none of them were fired.

71. Defendants Hernandez and Guevara are Mexican supervisors who treated Plaintiff less favorably than her male, and White and Mexican counterparts.

72. Therefore, Defendants Sam's Club, Hernandez, and Guevara, failed to follow its Progressive Discipline Policy, related to medical leave of absence and attendance occurrences, in response to Plaintiff's medical leave and attendance occurrences.

73. Plaintiff assert, that the real reason why she was fired, is because she's a woman and African-American, and because she filed grievances and complaints against Defendants Hernandez and Guevara.

74. On February 12, 2020, two days after Plaintiff was fired, one of Sam's Club's employees, named Veronica, who worked with Plaintiff, contacted her via text message, and shared that the day's Plaintiff missed from work, wasn't the real reason she was fired.

75. Veronica explained that several employees had more unexcused missed days then Plaintiff, including herself, that far exceeded Sam's Club termination threshold of five (5) attendance occurrences, but Defendants Hernandez and Guevara never fired the other employees.

76. Plaintiff was fully aware, that Defendants Hernandez and Guevara never fired other employees for exceeding Sam's Club termination threshold of five (5) attendance occurrences, because for one, she worked with the employees, and for two, Plaintiff's unexcused absences didn't exceed Sam's Club termination threshold of five (5) attendance occurrences.

77. About four-in-ten working women (42%) in the United States have faced discrimination on the job because of their gender.

78. Among employed adults, women are about twice as likely as men (42% versus 22%) to

experience at least one of eight specific forms of gender discrimination at work.

79. One-in-four working women (25%) earned less than a man who was doing the same job; one-in-twenty working men (5%) earned less than a female peer.

80. Women are roughly four times as likely as men to say they have been treated as if they were not competent because of their gender (23% of employed women versus 6% of men), and they are about three times as likely as men to say they have experienced repeated small slights at work because of their gender (16% versus 5%).

81. Section 703 of Title VII, 42 U.S.C. § 2000e-2, prohibits employment practices that discriminate against persons based on their race.

82. Upon information and belief, Defendants' practice in refusing Plaintiff statutorily required breaks, forcing her to work a three (3) man operation by herself, and termination, had an adverse impact on her and subjected her to disproportionate treatment because of her race.

83. Defendants' practice in refusing Plaintiff statutorily required breaks, forcing her to work a three (3) man operation by herself, and termination, was neither manifestly job-related nor consistent with business necessity.

84. Less discriminatory alternatives existed to achieve Defendants' stated business purposes.

85. Upon information and belief, Plaintiff was terminated from Sam's Club because she's a woman and African-American, and in retaliation for filing grievances and complaints, in violation of Title VII.

86. For the reasons outlined in the aforementioned paragraphs, Plaintiff suffered an adverse employment action, an action that would not have occurred "but-for" Plaintiff being a woman and African-American and engaged in constitutionally protected activity.

87. The facts outlined in this complaint show that the adverse action occurred under

13

circumstances giving rise to an inference of discrimination and retaliation.

88. Sam's Club practices and policies, of hiring and firing African-American employees, for unequal wages, and in retaliation for filing grievances and complaints, is discriminative and subject Black employees to "disparate treatment."

89. As a direct, legal, and proximate result of the discrimination, Plaintiff sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

90. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on national origin.

91. Defendants, as described above, were acting recklessly, knowingly, intentionally, willfully, and wantonly, caused Plaintiff's injuries.


## II. SECOND CLAIM: RACE-BASED DISCRIMINATION (Hostile Work Environment) in VIOLATION of TITLE VII of the CIVIL RIGHTS ACT of 1964, as amended, 42 U.S.C. § 2000e-2(a);

**Supporting facts:**

92. Plaintiff hereby incorporates by reference all paragraphs of this complaint as if fully set forth herein.

93. Plaintiff was subjected to harassment by Defendants Hernandez and Guevara, because of her race, African-American.

94. Plaintiff was subjected to being denied statutorily required breaks, forced to work a three (3) man operation by herself, forced to work while being sick with a serious viral illness, unequal pay, and termination.

95.Defendants Hernandez and Guevara's conduct was not welcomed by Plaintiff.

14

96. Defendants' Hernandez and Guevara's conduct was undertaken because of Plaintiff's race, African-American.

97. The conduct was so severe or pervasive that reasonable persons in Plaintiff's position would find their work environment to be hostile or abusive.

98. Plaintiff believed the work environment to be hostile or abusive because of Defendants Hernandez and Guevara's conduct.

99. Defendants Pulliam, Richard's, Gebhardt, Francis, and Harvey, Management level employees, knew or should have known, of the abusive conduct.

100. Plaintiff provided Defendants Pulliam, Richard's, Gebhardt, Francis, and Harvey, management level personnel, with information sufficient to raise a probability of race harassment in the mind of a reasonable employer.

101. Moreover, the harassment was so pervasive and open that a reasonable employer would have had to have been aware of it.

102. Indeed, Defendants Pulliam, Richard's, Gebhardt, Francis, and Harvey, the management level employees, were themselves complicit in the abusive conduct.

103. Defendants Hernandez, Guevara, Pulliam, Richard's, Gebhardt, Francis, and Harvey, did not exercise reasonable care to prevent harassment in the workplace on the basis of race, and did not exercise reasonable care to promptly correct any harassing behavior that did occur.

104. As a direct, legal, and proximate result of the discrimination, Plaintiff sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

105. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on national origin.

**III. THIRD CLAIM: SEX-BASED DISCRIMINATION in VIOLATION of TITLE VII of the CIVIL RIGHTS ACT of 1964, as amended, 42 U.S.C. § 2000e-2(a);**

**Supporting facts:**

106. Plaintiff hereby incorporates by reference all paragraphs of this complaint as if fully set forth herein.

107. Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

108. Defendants Hernandez, Guevara, Pulliam, Richard's, Gebhardt, Francis, and Harvey, discriminated against Plaintiff by treating her differently from her male coworkers, including in cafeteria assignment and unequal wages and compensation, because of her sex.

109. Plaintiffs' sex was the determining factor and/or a motivating factor in Defendants Hernandez, Guevara, Pulliam, Richard's, Gebhardt, Francis, and Harvey's actions.

110. As a direct, legal, and proximate result of the discrimination, Plaintiff sustained, and will continue to sustain, economic damages to be proven at trial.

111. As a result of Defendants actions, Plaintiff suffered emotional distress, resulting in damages in an amount to be proven at trial.

112. Plaintiff further seeks compensatory and punitive damages and all other injunctive,

declaratory, and monetary relief available for discrimination at trial.

113. Defendants unlawful actions were intentional, willful, malicious, and/or done with reckless

disregard to Plaintiff's right to be free from discrimination based on sex.

## IV. FOURTH CLAIM: RETALIATION in VIOLATION of TITLE VII of the CIVIL RIGHTS ACT of 1964, as amended, 42 U.S.C. § 2000e-3(a);

**Supporting facts:**

114. Plaintiff hereby incorporates by reference all paragraphs of this complaint as if fully set

forth herein.

115. Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits

employers from discriminating against an employee "because [she] has opposed any practice

made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

116. Plaintiff made informal and formal complaints to Defendants Hernandez, Guevara, Pulliam,

Richard's, Gebhardt, Francis, and Harvey, opposing Defendants Hernandez and Guevara's

unlawful and discriminatory employment practices based on race, sex, and unequal pay.

117. As a result of Plaintiffs' complaints, Defendants Hernandez, Guevara, Pulliam, Richard's,

Gebhardt, Francis, and Harvey's took materially adverse actions against Plaintiff, including, but

not limited to, refusing statutory required breaks, forcing her to work a three (3) man operation

by herself, forcing her to work while seriously ill, fabricating her absences as unexcused, and

terminating Plaintiff's employment with the Company.

118. Defendants' adverse actions constituted retaliatory workplace harassment.

119. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging

in protected activity under Title VII.

120. As a direct, legal, and proximate result of Defendants retaliation, Plaintiff sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

## V. FIFTH CLAIM: SEX-BASED DISCRIMINATION in VIOLATION of EQUAL PAY ACT, 29 U.S.C. § 206 (d)(1)

**Supporting facts:**

121. Plaintiff hereby incorporates by reference all paragraphs of this complaint as if fully set forth herein.

122. Section 206(d)(1) of the Equal Pay Act makes it unlawful for an employer "to discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, efforts, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system, (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."
Defendants have employed Plaintiffs and male employees in jobs as bill collectors, requiring substantially equal skill, effort, and responsibility.

123. Plaintiff and male employees performed their jobs under similar working conditions.

124. Plaintiff was paid a lower wage than the male employees doing substantially equal work.

125. The differential in pay between Plaintiff and the male employees was not due to a bona fide seniority system, a bona fide merit system, or a bona fide system that measures employee

earnings by quantity or quality of work, nor was the difference in pay a result of a factor other than sex.

126. Defendants caused, contributed to, or caused the continuation of wage rate discrimination based on sex, in violation of the Equal Pay Act.

127. As a direct, legal, and proximate result of the discrimination, Plaintiff sustained, and will continue to sustain, economic damages to be proven at trial.

128. As a result of Defendants' actions, Plaintiff suffered emotional distress, resulting in damages in an amount to be proven at trial.

129. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for equal pay violations at trial, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §216(b).


## VI. SIXTH CLAIM: RETALIATION in VIOLATION of SECTION 1981 of the CIVIL RIGHTS ACT of 1866;

**Supporting facts:**


121. Plaintiff hereby incorporates by reference all paragraphs of this complaint as if fully set forth herein.

122. Defendants have violated Section 1981 by subjecting Plaintiff to retaliation for her protected complaints and opposition to, Defendants Hernandez, Guevara, Pulliam, Richard's, Gebhardt, Francis, and Harvey's discriminatory conduct on the basis of race and ethnicity, by, *inter alia,* refusing statutory required breaks, forcing her to work a three (3) man operation by

herself, forcing her to work while seriously ill, fabricating her absences as unexcused, and terminating Plaintiff's employment with the Company.

123. As a direct and proximate result of Defendants unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

124. As a direct and proximate result of Defendants unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence. and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

125. Defendants unlawful retaliatory conduct constitutes a willful and wanton violation of Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## E.    ADMINISTRATIVE PROCEDURES

Did you file a charge of discrimination against defendant(s) with the Equal Employment Opportunity Commission or any other federal or state agency? (*check one*)

     _X__ Yes (*You must attach a copy of the administrative charge to this complaint*)

     ___ No

Have you received a notice of right to sue? (*check one*)

     _X__ Yes (*You must attach a copy of the notice of right to sue to this complaint*)

     ___ No

## F.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."*

## G.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

8 / 10 / 2021
_____
(Date)

(Form Revised December 2017)

21

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s). |
|---|---|---|
| This form is affected by the Privacy Act of 1974  See enclosed Privacy Act Statement and other information before completing this form | ☐ FEPA<br>☒ EEOC | 541-2021-00895 |

**Colorado Civil Rights Division**                                    and EEOC
*State or local Agency, if any*

| Name *(indicate Mr , Ms , Mrs )*<br>**Mrs. Fetale A. Ali** | Home Phone *(Incl  Area Code)*<br>**(720) 410-4773** | Date of Birth |
|---|---|---|

Street Address
**17220 E. Baltic Ave., Aurora, CO 80013**                    City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below )*

| Name<br>**SAMS CLUB** | No  Employees, Members<br>**500 or More** | Phone No *(Include Area Code)*<br>**(303) 695-1812** |
|---|---|---|

Street Address
**880 South Abilene St, Aurora, CO 80012**                    City, State and ZIP Code

| Name | No  Employees, Members | Phone No *(Include Area Code)* |
|---|---|---|

Street Address                                                    City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es) )*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest<br>**07-11-2019** | Latest<br>**02-10-2020** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*

I was hired by the above employer as a Fresh Associate on or about July 11, 2019. Throughout my employment, I was paid less than employees of other racial backgrounds who had similar or less experience. For the first several months of my employment, I was paid less than had been listed on my offer letter. After I repeatedly complained of this issue, I was eventually paid $16.50/hour. However, Hispanic employees in my work area, including those hired at the same time with less experience, were still paid at a higher rate, including one such employee at $18.00/hour. Additionally, I was subjected to unequal terms and conditions of employment, such as being denied my legally required breaks and being forced to work alone, without support. In November 2020, I was disciplined for not cleaning up, while the Hispanic employees who routinely left messes for me were not similarly disciplined. In January 2020, I missed work due to a serious illness, for which I provided doctors' notes. On February 10, 2020, I was discharged for these absences. However, Hispanic employees in my area had similar or worse attendance and were not similarly treated.

I believe that I have been discriminated against because of my race (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| _____        _____<br>Date          Charging Party Signature | |

**– EXHIBIT I**

EEOC Form 161 (11/2020)

**U.S. Equal Employment Opportunity Commission**

## Dismissal and Notice of Rights

To: **Fetale A. Ali**
**17220 E. Baltic Ave.**
**Aurora, CO 80013**

From: **Denver Field Office**
**950 17th Street**
**Suite 300**
**Denver, CO 80202**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No |
|---|---|---|
| **541-2021-00895** | **Philip Gross,** <br> **Supervisory Investigator** | **(720) 779-3637** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)                              for     May 28, 2021

**Amy Burkholder,**
**Director**                                        *(Date Issued)*

EXHIBIT 2