IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02221-MEH

FETALE A. ALI,

    Plaintiff,

v.

SAM'S WEST INC., d/b/a SAM'S CLUB,
AMY GEBHARDT, and
ROBBIE FRANCIS,

    Defendants.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Defendants have moved to dismiss Plaintiff's First Amended Employment Discrimination Complaint ("FAC") (ECF 28), arguing that Plaintiff failed to file a timely charge of discrimination under Title VII or allege facts sufficient to state either an Equal Pay Act claim or a Section 1981 retaliation claim.  ECF 32. The Court agrees that the Title VII and Section 1981 claims should be dismissed but will require the Plaintiff to submit an unredacted and timely verified EEOC charge to determine whether Plaintiff timely exhausted her claims. Therefore, the Motion to Dismiss is granted in part and denied in part as stated herein.

**BACKGROUND**

    For purposes of this order, the Court accepts as true the factual allegations—but not any legal conclusions, bare assertions, or conclusory allegations—that Plaintiff raises in the FAC. *See*

*generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (accepting as true a plaintiff's factual allegations for purposes of Fed. R. Civ. P. 12(b)(6) analysis).

Plaintiff alleges race- and sex-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a) & (m); violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1); and retaliation in violation of Title VII and 42 U.S.C. § 1981. Specifically, she claims (1) race-based discrimination (Disparate Impact & Treatment) in violation of Title VII; (2) race-based discrimination (Hostile Work Environment) in violation of Title VII; (3) sex-based discrimination in violation of Title VII; (4) retaliation in violation of Title VII; (5) sex-based discrimination in violation of the Equal Pay Act; and (6) retaliation in violation of Section 1981. ECF 28. Plaintiff, proceeding pro se, initiated this suit on August 16, 2021; following an order by the Court, Plaintiff filed the FAC on April 8, 2022. *Id.*

In the FAC, Plaintiff asserts she is a member of a protected class as an African-American woman. FAC, ECF 28 at ¶ 7. Plaintiff alleges she earned $14.00 per hour (later $16.00 per hour) for her work as a "Fresh Associate" at Sam's Club. *Id.* at ¶ 10. Her White and Mexican male counterparts in the cafeteria, however, earned $17.00 per hour. *Id.* at ¶¶ 20, 21. Because of that initial pay discrepancy, Plaintiff filed an internal grievance with Sam's Club on August 27, 2019, after verbally raising the issue with Defendants Hernandez and Guevara on August 20, 2019. *Id.* at ¶¶ 22, 25. Then, she alleges Defendants Hernandez and Guevara retaliated by refusing to allow her breaks, forcing her to work alone in a department normally operated by three employees, harassing her to return to work while she was ill, and ultimately firing her. *Id.* at ¶¶ 26-27, 51, 54, 62. After those instances, Plaintiff asserts she timely filed a Equal Employment Opportunity Commission ("EEOC") charge of discrimination. She says she included both race and sex-based

discrimination claims in the EEOC paperwork as well as facts relevant to retaliation and hostile work environment. Resp. at 4, 9.¹

## STANDARD OF REVIEW

### I.  Dismissal under Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that a plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to

---

¹ Each Title VII claim brought in federal court is limited by the scope of the EEOC investigation, which in turn, is limited by the allegations contained in the charge. *Delsa Brooke Sanderson v. Wyoming Highway Patrol*, 976 F.3d 1164, 1170 (10th Cir. 2020). Courts also traditionally hold that charges should be "liberally construe[d]" because EEOC charges are often filed by non-attorneys. *Smith v. Cheyenne Retirement Investors L.P.*, 904 F.3d 1159, 1166 (10th Cir. 2018). For example, the Tenth Circuit has held that a claim not checked on the EEOC charge for discrimination still exhausted administrative remedies because the facts contained in the charge supported the unchecked claim. *Jones v. U.P.S., Inc*, 502 F.3d 1176, 1187 (10th Cir. 2007). Additionally, Circuits are split as to whether a plaintiff's EEOC Intake Questionnaire constitutes a charge of discrimination. *Montes v. Vail Clinic, Inc.*, 497 F.3d 1164-1165 (10th Cir. 2007). In *Jones*, the Court found that the plaintiff's Intake Questionnaire satisfied the minimum requirements for a charge because the plaintiff intended the Intake Questionnaire to satisfy EEOC filing requirements and EEOC treated the form as a charge. 502 F.3d at 1183.

relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require a plaintiff to establish a *prima facie* case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action;" "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.*

4

## II. Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## **ANALYSIS**

## I. Plaintiff's failure to meet EEOC timeliness and verification requirements

The first issue before the Court is whether the Plaintiff properly pleaded a verified and timely EEOC charge of discrimination. It is a plaintiff's burden to properly plead and provide proof of a verified and timely charge, as those documents are usually within the plaintiff's control. *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1042 (10th Cir. 2015); *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1163 (10th Cir. 2007). Here, Plaintiff alleges that she did sign the charge of discrimination within 300 days of her termination, even though her copy of the charge lacks a date and signature. Resp. at 8; ECF 38 Ex. 1, 3. Defendants also provide a copy of the charge, but their version contains a redaction of the signature and date. Mot. at 5; ECF 32 Ex. 1. Thus, based on the

5

record provided by the Parties, the Court cannot determine that Plaintiff timely verified her charge of discrimination, as it is her burden to prove. The Court dismisses Plaintiff's Title VII claims without prejudice for failure to exhaust administrative remedies and grants Plaintiff leave to amend. Plaintiff shall amend the complaint by attaching a properly verified EEOC charge document. It will be her responsibility to obtain that record from the EEOC.

## II.     Equal Pay Act Against Sam's West Inc.

The Parties agree that the Equal Pay Act places a burden on Plaintiff to prove "(1) she was performing work which was substantially equal to that of the male employees considering the skills, duties, supervision, effort and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; (3) the male employees were paid more under such circumstances." *Tidwell v. Fort Howard Corp.*, 989 F. 2d 406 (10th Cir. 1993) (citing *Corning Glass Works v. Brennan*, 417 U.S., 188 (1974)). The Parties, however, disagree on whether the Plaintiff sufficiently pleaded facts to support her claim that she performed work "substantially equal" to her male Mexican and White counterparts. Mot. at 11; Resp. at 11.

Here, the Court finds that Plaintiff alleges in her FAC that her "pay was not equal to her male, and While and Mexican counterparts, that worked in the cafeteria." FAC, ECF 28 at ¶ 21. Additionally, Plaintiff's charge of discrimination asserts "in November 2020, I was disciplined for not cleaning up, while the Hispanic employees who routinely left messes for me were not similarity disciplined." ECF 38 Ex. 3. These alleged facts allow the Court to reasonably infer, under a liberal reading of pro se pleadings, that Plaintiff and her counterparts performed "essentially equal" work because they all worked in and were required to clean the cafeteria. Thus, her claim is not "devoid of further factual enhancement," though it may benefit from more detailed explanations of her responsibilities in the cafeteria as compared to her counterparts. *See Iqbal*, 556 U.S. at 678. For

6

present purposes only, this Court excludes from consideration whether there were any legitimate reasons for the pay wage difference between Plaintiff and her counterparts. Accordingly, the Court does not dismiss Plaintiff's Equal Pay Act claim.

### III.     1981 Retaliation Claim Against Individual Defendants Gebhardt and Francis

To establish a Section 1981 retaliation claim, Plaintiff must demonstrate "(1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981." *Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1102 (10th Cir. 2001). And, to hold Defendants personally liable under Section 1981, Plaintiff must allege facts that Defendants were personally involved in the retaliatory activity and allege facts to support an affirmative link that causally connects her protected activity to their discrimination. *Allen v. Denver Pub. Sch. Bd.*, 928 F.2d 978, 983 (10th Cir. 1991). Some courts have also held supervisors individually liable under Section 1981 for failing to prevent retaliation, so long as the plaintiff properly alleges the supervisor's knowledge of the discrimination. *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2nd Cir. 2004) (holding "personal involvement, within the meaning of this concept, includes not only direct participation in the alleged violation but also gross negligence in the supervision of subordinates who committed the wrongful acts and failure to take action upon receiving information that constitutional violations are occurring").

Here, it is undisputed that Defendants Gebhardt and Francis were not involved in any relevant employment decisions, including the decisions to deny Plaintiff breaks, force her to work alone in a department normally operated by three employees, or terminate her. Resp. at 16-17. Instead, she alleges that she sent multiple emails to these Defendants between September 4, 2019 and January 21, 2020, which detailed this adverse treatment she experienced from her managers

7

in the cafeteria. FAC, ECF 28 at ¶¶ 10, 39. From these facts, Plaintiff argues that Defendants Gebhardt and Francis knew of the discrimination she faced, and yet did nothing. Resp. at 15-16. While her argument seems to imply the supervisory roles of Defendants Gebhardt and Francis, she fails to specify or even mention the roles and responsibilities of these Defendants within Sam's West Inc. Therefore, the Court cannot find Defendants grossly negligent in failing to investigate the adverse actions of Plaintiff's cafeteria managers because she alleges no facts these individuals had a duty to do so. Plaintiff's retaliation claims against Defendants Gebhardt and Francis are dismissed without prejudice for failure to state a claim and Plaintiff is granted leave to amend.

## IV.     Leave to Amend

Tenth Circuit precedent holds that "dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'" *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)). Here, the Court does not believe that allowing amendment would necessarily prove futile. For instance, Plaintiff may be able to provide the Court a signed or otherwise verified charge of discrimination, dated within 300 days of her termination on February 10, 2020. Therefore, in the interest of justice and for lack of obvious futility, the Court grants Plaintiff leave to amend her pleading.

## CONCLUSION

Based on EEOC regulations interpreting Title VII, upheld by the Tenth Circuit, Plaintiff must produce a timely verified charge of discrimination to show she exhausted her administrative remedies as a condition precedent to filing suit. Additionally, Plaintiff does not sufficiently plead her retaliation claim under Section 1981 as to Defendants Gebhardt and Francis. Plaintiff does, however, allege facts sufficient to support her claims under Equal Pay Act.

8

Accordingly, the Motion [filed May 18, 2022; ECF 32] is **denied in part and granted in part**. All of Plaintiff's claims under Title VII and Section 1981 are dismissed without prejudice. Plaintiff is given leave to file a second amended complaint on or before October 10, 2022.

Entered this 14th day of September, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge